CHARLES W. ARMONDI and Another, Plaintiffs, *v.* JACOB B. LOCKMAN and Another, Defendants.

Supreme Court, Delaware County, January 5, 1929.

*Elmer Baker*, for the plaintiffs.

*Charles C. Flaesch*, for the defendants.

RHODES, J.   Plaintiffs sue to recover the unpaid balance claimed to be due to them as vendors under a land contract.   The defendants, by answer, set up a counterclaim which involves an item of eighty-four dollars costs paid by the defendants herein to obtain a settlement and discontinuance of an action brought to foreclose a mortgage on the premises sold under said land contract.

Plaintiffs sold and conveyed to the defendants the property in question subject to a mortgage of one thousand eight hundred dollars which defendants assumed and agreed to pay, with interest from September 1, 1925.   At the time of the conveyance on September 9, 1925, there was actually due on said bond and mortgage the sum of fifty dollars principal, with interest from January 1, 1925.   On September 23, 1925, the owner of the mortgage commenced an action to foreclose the same electing to declare the whole amount due and payable.   By inadvertence the defendants herein were not made parties to the foreclosure action but were informed of it and thereupon Mr. Armondi, the plaintiff, and Mr. Lockman, the defendant, consulted an attorney who informed them in substance that the matter of looking after it and protecting the interests of the parties rested upon Mr. Armondi.   Thereupon Mr. Armondi retained an attorney who interposed an answer setting up various defenses, among others alleging that the whole amount was not due and that there was no default under the mortgage. With the matters in this situation, the defendants herein consulted the attorney for the plaintiff in the foreclosure action and requested such attorney to represent them and protect their interests.   As a result, the defendants herein procured the action to be discontinued but were required by the attorney for the mortgagee to pay accrued costs amounting to eighty-four dollars as a condition of such discontinuance.   This the attorney for the plaintiff in the foreclosure action had a right to do and very properly insisted upon.   It is this sum of eighty-four dollars which defendants seek to offset as a counterclaim in the present action.   It is defendants' contention that having paid the debt which they insist plaintiffs impliedly agreed to pay, such payment being for the purpose of saving defendants' property, the law implies an obligation on the part of plain-

tiff to repay the amount. I do not think defendants can successfully maintain such position. Armondi did not ask a discontinuance. He had interposed an answer denying the mortgagee's right to maintain the action. It could not be ascertained until the issues were litigated whether or not Armondi was liable for costs. Lockman was not liable therefor then and it had not yet been determined whether or not he was in any jeopardy, that issue depending upon the outcome of the foreclosure action. It seems to me that Lockman is in the position of a volunteer who has gratuitously paid or discharged the obligation of another. There is nothing to show that Armondi is not financially responsible for any injury which might be sustained by Lockman by virtue of the failure of Armondi to carry out his obligation. Armondi never authorized nor requested Lockman to pay the costs in the foreclosure action, nor knew that it was being done, and I do not think he is bound by Lockman's act so as to be liable to reimburse him therefor. Undoubtedly Lockman was worried over the pending foreclosure action but he had a remedy against Armondi if damages were sustained. The amount of damages could not be determined until the rendition of a judgment in the foreclosure action.

There is another reason why it seems to me defendants should not succeed upon their counterclaim. They assumed and agreed to pay the mortgage with interest thereon from September 1, 1925, and as to this amount were the principal debtors. As above set forth, there was actually due at the time of the conveyance fifty dollars of principal and interest from January 1, 1925. It was more the concern of the defendants than of the plaintiffs that the principal and interest be paid and thus a foreclosure action be prevented. Undoubtedly if a foreclosure action was threatened the defendants could have paid the accrued interest and the fifty dollars of principal due and have recovered over from the plaintiffs the amount of interest accruing to September 1, 1925, which plaintiffs had agreed to pay. Defendants failed to make payment under the mortgage prior to the bringing of the foreclosure action and its commencement is apparently as much the fault of the defendants as the plaintiffs. Therefore, plaintiffs should not be required to reimburse defendants for damages caused by defendants' own neglect.

There are numerous other facts relative to the dealings between the parties, but if I am correct in the views here stated it is not necessary to recite them. The defendants' counterclaim for eighty-four dollars should be dismissed and plaintiffs should have judgment for the amount unpaid under the land contract, which amount I understand is not in dispute between the parties.

I direct judgment accordingly, with costs to plaintiffs.